IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR202 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CARRELL DEMAR HUNTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 33) issued by Magistrate Judge F.A. Gossett recommending that the Defendant's motion to suppress (Filing No. 17) be granted in part and denied in part. The Defendant, Carrell Demar Hunter, filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 34, 35) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Hunter is charged in a two-count Indictment with possession with intent to distribute a mixture or substance containing crack cocaine (Count I) and possession of a mixture or substance containing crack cocaine (Count II). Hunter seeks an order suppressing evidence and statements obtained following his April 9, 2005, arrest.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded: officers had a reasonable basis to stop the vehicle in which Hunter was a passenger; the search of the vehicle was proper under *New York v. Belton,* 453 U.S. 454, 460 (1981); and the government failed to prove that Hunter's pre-*Miranda* statements made at the police department were not induced by Officer

Williams. On the basis of these determinations, Judge Gossett recommends that the motion to suppress be granted as to Hunter's pre-*Miranda* statements made at the police department and otherwise denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the relevant events surrounding the traffic stop, arrest and questioning. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 32). The Court also carefully viewed the evidence (Filing No. 29). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

## FACTUAL BACKGROUND

Briefly, Hunter was a passenger in a vehicle stopped for not coming to a stop at a stop sign. The driver of the vehicle, Jamal Wright, had no identification and was arrested for driving on a suspended license. Officers searched the vehicle and saw a substance on the passenger seat that field-tested positive for crack cocaine. Hunter was arrested and transported to the police station. At the station, before administering *Miranda* warnings,

Officer Williams engaged Hunter in conversation, making comments that he had to have known were likely to elicit incriminating responses.

## ANALYSIS

The Defendant objects to Judge Gossett's Report and Recommendation, arguing that probable cause or reasonable suspicion did not exist for the traffic stop. The Defendant argues that the evidence indicates that Wright did stop as officers testified that he made a "California stop." The Defendant also appears to suggest that officers stopped the vehicle because the occupants were African American.

There is no disagreement that a stop sign was present at the intersection in question or that a stop was required. The officers used the phrase "California stop" in describing the manner in which the vehicle approached and proceeded through the intersection with the stop sign. However, both officers described a "California stop" as a slowing down, braking and rolling through the intersection without coming to a complete stop. (Tr. 5, 25-26.) Nebraska law defines a required "stop" as "a complete cessation of movement." Neb. Rev. Stat. § 60-667(1) (2005). Failing to stop at a stop sign constitutes probable cause for a traffic stop. *United States v. Martinez,* 358 F.3d 1005, 1009 (8th Cir. 2004).

## CONCLUSION

For the reasons discussed, the Defendant's objections to Judge Gossett's Report and Recommendation are overruled.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 33) is adopted in its entirety;

 b. The Defendant's Statement of Objections to the Report and Recommendation (Filing No. 34) is denied;

3. The Defendant's Motion to Suppress (Filing No. 17) is granted in part and denied in part as follows:

 a. the motion is granted as to Hunter's statements made at the police department before the administration of his *Miranda* rights; and

 b. otherwise, the motion is denied.

DATED this 3rd day of March, 2006.

BY THE COURT:

S/Laurie Smith Camp  
United States District Judge