IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR202** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CARRELL DEMAR HUNTER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 53). The government has adopted the PSR. (Filing No. 55.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects generally to the assessment of 4 criminal history points, placing the Defendant in criminal history category III. The Defendant did not submit objections initially to the probation officer as required in ¶ 4 of the Order on Sentencing Schedule. (Filing No. 44.) The Defendant's objections are more appropriately considered as a motion for downward departure pursuant to U.S.S.G. § 4A1.3(b). The plea agreement includes a stipulation that the Defendant will not file a motion for downward departure. This matter will be discussed at sentencing.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 53) are considered as a motion for downward departure pursuant to U.S.S.G. § 4A1.3(b), which is precluded by the plea agreement. This matter will be discussed at sentencing;

2. The Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge